IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHUKWUEMEKA ORJI and ALICIA ORJI, | § § § § | |
| Petitioners, | § § | |
| V. | § § | No. 3:22-cv-1174-L-BN |
| ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security, ET AL., | § § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioners Chukwuemeka Orji and Alicia Orji, husband and wife, filed, with the assistance of counsel, a Petition for Writ of Habeas Corpus, Declaratory Judgment and Mandamus [Dkt. No. 1] seeking Mr. Orji's release from immigration custody; a declaration that authorities violated the Immigration and Nationality Act (the INA), the Administrative Procedures Act (the APA), and the Fifth Amendment; an injunction against authorities "asserting that [ ] Mrs. Orji's visa petition was denied"; an order requiring authorities "to the use the approve visa petition without limitation, and adjudicate [Mr.] Orji's Form I-485, Application to Register Permanent Residence or Adjust Status"; and attorneys' fees and costs. Dkt. No. 1.

United States District Judge Sam A. Lindsay referred the Orjis' petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 3, the government filed a response, opposing relief, *see*

Dkt. Nos. 9. The government then informed the Court that Mr. Orji had been released from immigration custody pending his removal. *See* Dkt. No. 12.

Petitioners requested an extension of time to further consider their reply, relief the Court granted, extending that deadline to September 30, 2022. *See* Dkt. Nos. 13, 14. No reply was filed. But, on October 3, 2022, counsel for the Orjis moved to withdraw. *See* Dkt. Nos. 15, 16.

The Court will address the motion to withdraw through a separate order. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of jurisdiction.

## Legal Standards and Analysis

### I. The request for habeas relief is moot.

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.'" *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citing, in turn, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). "A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)).

Insofar as the Orjis have improperly combined a request for habeas relief with civil claims in a single action, such that this case should only proceed under 28 U.S.C. § 2241, Mr. Orji's release appears to be an event that moots the habeas action. *See, e.g.*, *Uzahodjaev v. Lowe*, No. 1:16-CV-2006, 2017 WL 3394400, at *2 (M.D. Pa. Aug. 8, 2017) ("According to information provided to the Court by Respondent, Petitioner was released from custody on July 26, 2017. Since Petitioner was recently released from detention, … his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy." (citations omitted)).

## II. The Court also lacks jurisdiction over the remaining claims.

As the undersigned set out in ordering service of the petition,

> [t]he Court may lack jurisdiction to consider most of the Orjis' claims, particularly under the INA, the APA, and the mandamus statute (28 U.S.C. § 1361). *See, e.g.*, *Bian v. Clinton*, 605 F.3d 249 (5th Cir. 2010), *vacated as moot*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010). But they also challenge Mr. Orji's continued detention under 28 U.S.C. § 2241. And, while "[f]ederal courts lack subject-matter jurisdiction to review the merits of a removal order or the discretionary decisions of the Attorney General," they "have subject-matter jurisdiction to consider an alien's constitutional challenges to continued detention." *E.g.*, *Alexis v. Sessions*, Civ. A. No. H-18-1923, 2018 WL 5921017, at *4 (S.D. Tex. Nov. 13, 2018) (citations omitted); *see* 8 U.S.C. § 1226; *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018); *Nielsen v. Preap*, 139 S. Ct. 954, 960 (2019).

Dkt. No. 3 at 1-2.

In response to the petition, the government explained that,

> in addition to seeking habeas relief, Orji's petition also includes separate counts setting forth various claims by which he apparently seeks to challenge USCIS's denial of certain immigration benefits or statuses to him – which denials have caused Orji to have no lawful status in the United States and thus to become subject to removal. (*See* Doc. 1, ¶¶ 20

> – 30.) These claims are captioned as for a writ of mandamus, for relief or an injunction under the Administrative Procedure Act, for a declaratory judgment, and as asserted for a violation of the Fifth Amendment. However, none of these claims entitles Orji to any relief in the posture of this case. For one, these are not habeas claims, so to the extent Orji wishes to pursue them, he would need to do so in the manner required by the Federal Rules of Civil Procedure for a typical lawsuit. However, Orji has not served the defendants with a summons and copy of the petition/complaint in the manner directed by Rule 4 so as to require the defendants to respond to these non-habeas claims. He also appears to have only paid the $5.00 filing fee for a habeas action rather than the $402.00 fee for a non-habeas civil action. Regardless, Orji fails to demonstrate that jurisdiction would exist for any of his non-habeas claims. At bottom, Orji's non-habeas claims all relate to his pending removal. Orji is attempting to establish that he is in fact eligible for some immigration status that was denied to him, and therefore should not be subject to removal. But these issues are bound up in Orji's removal and to the extent he wants to contest that removal, there is no jurisdiction in this Court for him to do so – instead, the proper method to obtain judicial review of these matters would be to administratively exhaust proceedings before the immigration judge and Board of Immigration Appeals and then file a petition for review in an appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5).

Dkt. No. 9 at 8-9.

And, in their motion for extension, the Orjis appeared to concede that their non-habeas claims do not belong in this proceeding:

> the Petitioners request time to respond as they weigh their options going forward. One of the options is the filing of a Motion to Reopen Chukwuemeka Orji's removal proceedings in immigration court.
> The other option is to amend the Petitioner's complaint as to the Declaratory Judgment and Mandamus reliefs, pay the regular fee for complaints in federal court, and seek an order as to these reliefs before this court.

Dkt. No. 13 at 2.

For at least the reasons provided by the government, habeas and civil claims should not be combined in the same action. Indeed, in a common context: prisoner

- 4 -

litigation, where "a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under [42 U.S.C.] § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *see, e.g.*, *Nabya v. Zook*, No. 3:21-cv-438-X-BN, 2021 WL 1918781 (N.D. Tex. Mar. 4, 2021), *rec. accepted*, 2021 WL 3566344 (N.D. Tex. Aug. 12, 2021).

But where all the claims (habeas and civil) seek the same relief: release from custody, which may be the case here, the claims may be "inseparable." *Tahtiyork v. U.S. Dep't of Homeland Sec.*, Civ. A. No. 20-1196, 2021 WL 389092, at *5 (W.D. La. Jan. 12, 2021) (considering *Serio*).

Even if the Orjis' claims are inseparable, the district court still lacks jurisdiction over requests for judicial review of a final removal order as to Mr. Orji.

While, "[a]s a general rule, federal district courts have jurisdiction under 28 U.S.C. § 1331 over 'all civil actions arising under the Constitution, law, or treaties of the United States,'" "Congress may curtail that grant of jurisdiction 'by establishing an alternative statutory scheme for administrative and judicial review.'" *O.A. v. Trump*, 404 F. Supp. 3d 109, 127 (D.D.C. 2019) (quoting Section 1331 then *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 929 F.3d 748, 754 (D.C. Cir. 2019)).

Congress, through the INA, chose to establish such a scheme, under which "[j]udicial review in the removal context is heavily circumscribed," *Duron v. Johnson*, 898 F.3d 644, 646 (5th Cir. 2018), where the INA confers discretion on agencies of the executive branch, while it strips courts of jurisdiction over individual immigration

decisions or actions that those agencies are to make:

> [n]otwithstanding any other provision of law (statutory or nonstatutory) … and [28 U.S.C.] sections 1361 and 1651 … no court shall have jurisdiction to review –
> (i) any judgment regarding the granting of relief under section … 1255 [adjustment of status] … or
> (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

*Bian*, 605 F.3d at 253 (quoting 8 U.S.C. § 1252(a)(2)(B); alterations and emphasis provided by *Bian*).

And, even where the INA does not strip courts of jurisdiction, it limits that jurisdiction. That is, "[u]nder the REAL ID Act, 'a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.'" *Philius v. Pekoske*, 834 F. App'x 123, 123-24 (5th Cir. 2021) (per curiam) (quoting 8 U.S.C. § 1252(a)(5); citing *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005)).

The REAL ID Act therefore "stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders." *Moreno v. Dixon*, 558 F. App'x 403, 404 (5th Cir. 2014) (per curiam) (citation omitted); *see also Sandoval-Lopez v. Tillerson*, 713 F. App'x 255, 258-29 (5th Cir. 2017) (per curiam) ("[T]he REAL ID Act made clear that 'no court shall have jurisdiction [ ] by habeas corpus under [§] 2241 ... or by any other provision of law (statutory or nonstatutory)' to review claims 'arising from any action or proceeding brought to remove an [individual] from the United States,' and

that all review of removal orders brought 'under [§ 1252] shall be available only in judicial review of a final order under [§ 1252].' This directs review of an order of removal through the procedure outlined in § 1252." (quoting 8 U.S.C. § 1259(b)(9))).

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE