IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHUKWUEMEKA ORJI and ALICIA ORJI**, <br><br> Petitioners, <br><br> V. <br><br> **ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security,** *et al.*, <br><br> Respondents. | § § § § § § § § § § § § § Civil No. **3:22-cv-1174-L-BN** |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered on October 6, 2022, recommending that Petitioners' Petition for Writ of Habeas Corpus, Declaratory Judgment, and Mandamus (Doc. 1) be dismissed for lack of subject matter jurisdiction. In the Petition, Petitioners sought Mr. Orji's immediate release from immigration custody, a declaration that authorities violated various statutes and the Fifth Amendment, and an injunction and an order related to Mr. Orji's visa petition and pending application. Petitioners did not file objections to the Report, and the time to do so has passed.

Having considered the Petition, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of subject matter jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[1] The court determines that Petitioners have failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioners file a notice of appeal, they must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 28th day of October, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**